224    APPELLATE COURTS OF ILLINOIS.

Manville et al. v. The King-Richardson Co., 182 Ill. App. 224.

**Bert E. Manville, Appellee, v. The King-Richardson Company, Appellant.**

**Gen. No. 18,029. (Not to be reported in full.)**

**Robert E. Trosper, Jr., Appellee, v. The King-Richardson Company, Appellant.**

**Gen. No. 18,030. (Not to be reported in full.)**

**Charles E. Ely, Appellee, v. The King-Richardson Company, Appellant.**

**Gen. No. 18,031.** ⸮e reported in full.)

Appeal from the Circuit Co⸮ ⸮ook county; the Hon. JOHN GIBBONS, Judge, presiding. He⸮. ⸮⸮is court at the October term, 1911. Decrees modified and . . Opinion filed October. 13, 1913. Rehearing denied Octob 913.

### Statement ⸮he Case.

Bills in equity by Bert ⸮nville, Robert E. Trosper, Jr. and Charles E. E ⸮inst The King-Richardson Company. From dec n favor of complainants, defendant appeals. Co ⸮ated and heard in this court as one appeal.

These cases present th ⸮ne questions. Each appellee filed his bill in equit ⸮inst The King-Richardson Company, a decree w⸮ ⸮tered in his favor and

from such decrees defendant appealed. The defendant company was engaged in selling books by subscription. It employed each of the complainants as a department manager, the territory in which it sold books was divided between them and to each was given the exclusive right to sell for the company in the territory assigned to him. Each of the complainants had a written contract with defendant, by the terms of which his employment began January 1, 1908, and ended December 31, 1910. The complainants employed field managers who employed canvassers to sell the books. The men employed by the department managers were required to give security to cover money advanced and merchandise shipped to them. The entire expense of the business was borne by the three department managers in the proportion that the total net sales of each for the year bore to the total sales of all. The defendant was paid by Trosper and Manville thirty-nine per cent. and by Ely forty-two per cent. of the retail price of the books sold. Each of the complainants received as an advance one hundred and fifty dollars per month. Defendant agreed to furnish to each department manager by October 25th of each year a statement showing accounts to October 1st and thereafter by the 25th of each month statements showing accounts up to the 1st of the month until all the business of the fiscal year was closed. The contract provided that in stating the account for the year each manager should be charged with his salary, all advances to him for personal expenses and all salaries, allowances, etc., paid to employes in the sales department of his department, with the salaries of stenographers and other office assistants engaged in his department, with all supplies, postage, etc., used in the conduct of the business of his department and with that proportion of the total expense of the Chicago office, including rent and the auditing and shipping department as his total net sales for the year bore to the total net sales of all the

departments of the Chicago office. The contract also provided that a department manager should be entitled to any excess of his receipts and credits over the charges against him and that the amount of such excess should be immediately due and payable to him. The complainants had been employed as department managers in 1907 under contracts similar in their provisions to the contracts of 1908, 1909 and 1910. They were discharged by defendant July 16, 1910, and filed the bills in these cases July 29, 1910, praying for an accounting by defendant as to the business done in 1907, 1908 and 1909. The decree in the Ely case gives complainant a decree for $1,064.33 for moneys collected by defendant belonging to complainant, decrees that defendant deliver to him thirteen promissory notes amounting to $469.64 and assign to him over two hundred accounts amounting to more than $10,000; that in the Manville case gives complainant a decree for $761.35, orders one note to be delivered to him and nearly two hundred accounts to be assigned to him; and that in the Trosper case gives complainant a decree for $1,276.10, orders thirty-six notes to be delivered and two hundred and fifty accounts to be assigned to him. The complainants had prior to their discharge organized a corporation called the W. E. Richardson Company to engage in the same business as defendant company was engaged in.

BOYLE, MOTT & HAIGHT, for appellants.

ALDEN, LATHAM & YOUNG, for appellees.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. ACCOUNT, § 19*—*when may be had in equity.* A bill in equity to determine the amount due department managers under

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

a contract with a subscription book company for the sale of books in exclusive territory may be maintained where the settlement involves examination of an intricate account as to charges, expenses, salaries of assistants, supplies, etc.

2. APPEAL AND ERROR, § 1570*—*harmless error.* Where a decree on accounting by sales managers against a subscription book company is erroneous in directing the turning of certain notes and accounts for books sold over to complainants, it will not for that reason be reversed where four years have elapsed since the period for which the defendant was required to account, during which, by virtue of appeals, it has retained possession.

3. EQUITY, § 400*—*what costs may be allowed on reference.* Where, on a bill for accounting, a motion for an interlocutory order that certain notes and accounts be turned over to complainants was referred to a master to take proofs and afterwards a general order of reference to the same master was made and the parties stipulated that the proofs previously taken should stand as proof under the general order, the costs of taking such proofs are properly included in the master's costs upon a judgment against defendants for costs.

4. ACCOUNT, § 49*—*what decree as to disposition of notes proper.* Where, upon a bill for accounting by sales managers against a subscription book company, the court directs that certain notes and accounts for goods sold be turned over to complainants, the decree is properly modified by requiring the notes to be indorsed "without recourse."